UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------

JAMES P. McGEE,                                    09 Civ. 6098 (FPS)

          Plaintiff,

v.                                        **MEMORANDUM OPINION AND ORDER**
                                             **DENYING PLAINTIFF'S**
JAMES DUNN, J. DUNN CONSTRUCTION CORP.,       **MOTION FOR REARGUMENT,**
ECTOR PEREZ GALINDO, TOWN OF CARMEL,           **RELIEF FROM JUDGMENT**
TOWN OF CARMEL POLICE DEPARTMENT,            **OR, IN THE ALTERNATIVE,**
TOWN OF CARMEL POLICE OFFICERS,               **TO AMEND THE COMPLAINT**
CHRISTOPHER FOX,
JOHN DOE (Fox's supervisor
on the day of the arrest),
DET. ROBERT BAGNAROL, LT. BRIAN KARST,
SGT. JOHN (JACK) HARNEY,
LT. MICHAEL CASSARI,
CHIEF MICHAEL R. JOHNSON,
PUTNAM COUNTY DISTRICT ATTORNEY'S OFFICE,
KEVIN WRIGHT, ESQ., then-Putnam County
District Attorney and
ROBERT A. NOAH, ESQ., Putnam County
Assistant District Attorney,

          Defendants.

-------------------------------------------

## I.   Background[1]

     This action arose out of a longstanding dispute between the

plaintiff, James P. McGee ("McGee"), and one of the fifteen named

defendants, James Dunn ("Dunn").   In his complaint, filed in the

United States District Court for the Southern District of New York,

the plaintiff asserted that the defendants conspired to bring about

--------------------------------

     [1]An extensive background of this action is provided in this
Court's memorandum opinion and order granting certain defendants'
motions to dismiss and staying this action as to defendant Dunn.
ECF No. 50.   Therefore, this Court will not reiterate such
information here, but instead will focus on the motion currently
pending before this Court.

his arrest and prosecution based on false and misleading evidence and to engage in a malicious abuse of process.  The plaintiff brought his complaint pursuant to 42 U.S.C. § 1983, alleging due process violations that resulted from the defendants' conspiracy.  According to the plaintiff, he is entitled to compensatory damages, punitive damages, and attorney's fees for the mental and emotional pain and suffering he has experienced as a result of the defendants' alleged conspiracy.

The defendants filed four separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  After the parties briefed these motions, this Court entered a memorandum opinion and order ("original opinion"), wherein it granted defendants' motions to dismiss as to all but one defendant, defendant Dunn.  As to defendant Dunn, this Court stayed the action due to his Chapter 7 bankruptcy petition.  The plaintiff then appealed this judgment to the United States Court of Appeals for the Second Circuit.  After filing an appeal with the Second Circuit, however, the plaintiff filed a motion for reargument, relief from judgment or, in the alternative, leave to amend the

complaint ("pending motion").[2]  Due to this motion, the Second
Circuit entered a stay of appeal.

In the plaintiff's pending motion with this Court, he argues:
(1) the court overlooked overwhelming support in both the case law
and the existing record for the conclusion that statement of
defendant Ector Galindo ("Galindo") could not have provided
probable cause to arrest McGee; (2) since there are disputed issues
of fact as to the existence of probable cause to arrest, the court
erred in deciding that the police were entitled to qualified
immunity; (3) because the complaint sufficiently alleges the
absence of probable cause, there are factual issues that need to be
resolved before any determination can be made as to whether Robert
A. Noah, Esq. ("Noah") or Kevin Wright, Esq. ("Wright") are
entitled to absolute immunity for their investigatory acts; (4) the
court erroneously applied New York law in finding that Judge
Spofford's decision was not a favorable termination for purposes of
a malicious prosecution claim; (5) the court overlooked controlling

_____

[2]Plaintiff purports to bring this motion under Federal Rules
of Civil Procedure 59(e) and 60(b), as well as Local Rule 6.3.
This Court, however, finds that Rules 59(e) and 60(b) are
inapplicable to the pending motion.  Rule 59(e) applies to motions
seeking an alteration or amendment to a judgment.  Rule 60(b)
applies to motions seeking relief from a final judgment, order, or
proceeding.  No such final judgment or order exists in this case,
as pursuant to Rule 54(b), this Court did not enter a judgment
following its ruling on the motions to dismiss.  This Court did not
do so because it did not grant or deny defendant Dunn's motion to
dismiss as it pertained to him as an individual due to his pending
bankruptcy proceeding.  <u>See</u> ECF No. 50 *40.  Therefore, this Court
construes the plaintiff's motion as a motion for reconsideration
pursuant to Rule 54(b) and Local Rule 6.3.

case law in ruling that the complaint failed to state claims for false arrest and malicious prosecution against defendant Galindo; (6) the court should deny defendant Dunn's motion to dismiss as the complaint properly states § 1983 claims against him that are not barred by res judicata; and (7) alternatively, plaintiff seeks an order granting leave to file an amended complaint.  The plaintiff, however, did not attach a proposed amended complaint to his motion.

Three separate responses were filed in opposition to the plaintiff's pending motion.  Defendants Dunn and J. Dunn Construction Corporation, however, did not respond to the plaintiff's pending motion.  First, defendant Galindo filed his response, wherein he argues: (1) plaintiff has not satisfied his burden of proving that the court overlooked any controlling facts or decisions that would reasonably alter the conclusions previously reached by the court; (2) plaintiff's motion to amend should be denied because the proposed additional allegations would not alter the prior conclusion of the court; (3) plaintiff's motion for reargument should be denied because he has failed to allege facts sufficient to support two of the required elements of his malicious prosecution claim; and (4) the false arrest claim as against Galindo must be dismissed because he never confined the plaintiff.

The Putnam County District Attorney's Office, Kevin Wright, and Robert Noah (collectively the "PCDA defendants") were the next to file their response to the plaintiff's pending motion.  These

4

defendants argue: (1) the court did not overlook important matters or controlling decisions in dismissing the complaint against the PCDA defendants; and (2) the plaintiff's application to amend the complaint is improper and should be denied.

The Town of Carmel, the Carmel Police Department, and the Carmel Police Officers Christopher Fox, John Doe, Detective Robert Bagnarol, Lieutenant Brian Karst, Sergeant John Harney, Lieutenant Michael Cazzari, and Chief Michael R. Johnson (collectively "the Town of Carmel defendants") then filed their response to the plaintiff's motion.   These defendants argue: (1) the court rightfully concluded that Galindo's civilian complaint provided probable cause for McGee's arrest; (2) the court did not err in deciding that the police were entitled to qualified immunity; (3) the court correctly applied New York law in finding that Judge Spofford's decision was not a favorable termination for purposes of a malicious prosecution claim; and (4) failure to attach a proposed amended complaint requires that the court deny the plaintiff's motion to amend.

After multiple extensions, the plaintiff filed a reply to the defendants' responses.  In his reply, the plaintiff argues:  (1) no reasonable officer could have understood the Galindo complaint as providing probable cause for arrest; (2) Noah and Wright are not entitled to absolute immunity; (3) whether the police had qualified immunity cannot be determined on the pleadings; (4) plaintiff's claims against Galindo should be reinstated; (5) the complaint and/or proposed amended complaint sufficiently allege supervisory

liability on the part of defendants Johnson and Wright and municipal liability against the Town of Carmel and Putnam County; and (6) the court should grant leave to file the proposed amended complaint.  The plaintiff attached a copy of his proposed amended complaint to his reply.

For the reasons set forth below, this Court denies, in its entirety, the plaintiff's motion for reargument, relief from judgment, or, in the alternative, leave to amend the complaint.

## II.   Applicable Law

A.   Federal Rule of Civil Procedure 54(b)

Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Motions under Rule 54(b) are subject to the law of the case doctrine.  In re Rezulin Liability Litigation, 224 F.R.D. 346, 349 (S.D.N.Y. 2004).  This means that the decisions referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Committee of Unsecured Creditors of the Color Tile, Inc. v. Cooper & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  This allows for

6

decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).

The objective of the law of the case doctrine "include[s] promoting efficiency and avoiding endless litigation by allowing 'each stage of the litigation [to] build on the last and not afford an opportunity to reargue every previous ruling.'" In re Rezulin Liability Litigation, 224 F.R.D. at 349-50 (quoting Tri-Star Pictures, Inc. v. Leisure Time Prod., B.V., No. 88 Civ. 9127(DNE), 1992 WL 296314, at *2 (S.D.N.Y. Oct. 6, 1992) (citation omitted)). Therefore, without good reason "a court will 'generally adhere to [its] own earlier decision on a given issue in the same litigation.'" Id. at 350 (quoting Tri-Star Pictures, Inc., No. 88 Civ. 9127(DNE), 1992 WL 296314, at *2 (citation omitted)).

B.   Local Rule 6.3

Local Rule 6.3 is entitled "Motions for Reconsideration or Reargument." In pertinent part, the rule provides: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." L.R. 6.3. Therefore, the parties may not use a motion under Rule 6.3 to "advance new facts, issues or arguments not previously presented to the court." Litton

7

<u>Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.</u>, No. 86 CIV 6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989) (citations omitted). Instead, the party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." <u>Davis v. The Gap, Inc.</u>, 186 F.R.D. 322, 324 (S.D.N.Y. 1999) (citations omitted). As such, "[t]he purpose of the rule is "'to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" <u>Carolco Pictures, Inc. v. Sirota</u>, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (quoting <u>Lewis v. New York Telephone</u>, No. 83 Civ. 7129, 1986 WL 1441, at *1 (S.D.N.Y. Jan. 29, 1986)).

"Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." <u>Id.</u> (citations omitted). Due to this strict application, "reconsideration will generally be denied unless a moving party can point to matters that 'might reasonably be expected to alter the conclusion reached by the court.'" <u>In re CRM Holdings, Ltd. Securities Litigation</u>, No. 10 CIV 00975, 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013) (quoting <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 2011)).

C.   Motion to Amend

Federal Rule of Civil Procedure 15(a)(1) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

III.   Discussion

A.   Motion for Reconsideration Under Local Rule 6.3 and Federal Rule Civil Procedure 54(b)

The plaintiff takes issue with the Court's rulings on the motions to dismiss of Galindo, the PCDA defendants, and the Town of Carmel defendants.  As such, this Court will proceed to address the

9

plaintiff's arguments in that order.  The plaintiff also makes the argument that this Court should deny defendant Dunn's motion to dismiss, as the complaint properly states § 1983 claims against him that are not barred by res judicata.  This Court did not make any rulings as to defendant Dunn, and instead stayed this case as a result of defendant Dunn's Chapter 7 bankruptcy petition.  Therefore, this Court need not address the plaintiff's arguments for reconsideration concerning a party whose motion to dismiss is still pending and not ruled on due to a stay.

    1.  <u>Motion to Dismiss by Defendant Galindo</u>

The plaintiff states that this Court overlooked controlling case law in ruling that the complaint failed to state a claim for false arrest and malicious prosecution against defendant Galindo. The plaintiff's first argument pertaining to this contention is that the complaint, together with the various responses by defendants, raises issues of fact as to whether defendant Galindo was a willing participant or at least acquiesced in a conspiracy to harm the plaintiff without regard to any violation of his rights, so as to make defendant Galindo a state actor.  Defendant Galindo in response states that this Court correctly held that defendant is not a state actor and, therefore, the plaintiff cannot state a claim under 42 U.S.C. § 1983 against him.  Defendant Galindo specifically indicates that the plaintiff did not assert that his complaint contained allegations that supported a "meeting of the minds" with a state actor but instead only with defendant Dunn.

As this Court stated in original opinion dismissing the claims against defendant Galindo, "the key question is whether Galindo participated in the alleged conspiracy to an extent sufficient to 'act together with' or 'aid' the government actors." ECF No. 50 *15 (citing <u>Richardson v. New York City Health and Hospitals Corp.</u>, No. 05-CV-6278, 2009 WL 804096, at *17 (S.D.N.Y. Mar. 25, 2009)). This Court found at that time that "[t]he complaint alleges neither that Galindo wilfully participated in any agreement with any state actor, nor that Galindo acted together with state officials or with significant state aid." <u>Id.</u> at 16. Again, this court finds that the complaint does not contain sufficient allegations for this Court to find that defendant Galindo's conduct amounted to state action.

Defendant Galindo is correct in stating that the plaintiff did not point to any allegations in the complaint that defendant Galindo conspired with any state actor. Instead, the plaintiff relies on a connection with defendant Dunn who is instead a private party. As such, this Court finds no clear error in its original findings concerning defendant Galindo being a state actor, nor does it find that it overlooked any factual matters when making its original decision.

The plaintiff's next argument concerning this Court's ruling on defendant Galindo's motion to dismiss is that this Court erred in dismissing the malicious prosecution claim against defendant

Galindo for lack of proof of malice.  Specifically, the plaintiff argues that this Court erred in finding probable cause at this stage, and malice can be inferred from the lack of probable cause. Irregardless, the plaintiff contends that the complaint contains specific allegations of malice that the Court overlooked. Defendant Galindo responds by stating that no allegations of malice were made in the complaint.  Instead, defendant Galindo states that all such allegations were made against defendant Dunn.

One of the four elements of a malicious prosecution claim that a plaintiff is required to prove in New York is "actual malice as a motivation for defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010).  To prove actual malice, the plaintiff must show that the defendant "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." Nardelli v. Stamberg, 377 N.E.2d 975, 976 (N.Y. 1978).  First, as stated in more detail below, this Court finds no clear error in its finding of probable cause.  Therefore, the plaintiff's argument that malice may be inferred by a lack of probable cause fails, as it did in the original opinion.  See ECF No. 50 *20.

As to the plaintiff's contention that this Court overlooked specific allegations of defendant Galindo's malice, this Court again finds that pursuant to Rule 54(b), there is no clear error in its finding.  None of the paragraphs of the plaintiff's complaint

12

that he cites in his pending motion for this contention, changes this Court's finding that the complaint did not allege sufficient factual allegations to support a finding of malice on the part of defendant Galindo. For instance, the plaintiff points to paragraphs that indicate that defendant Galindo has used different dates to describe when the plaintiff made the alleged phone call to defendant Galindo. ECF No. 60 *41. The plaintiff states that this shows that his statements to the police to initiate the prosecution were just as likely to be without regard for the truth or falsity or for the effect on the plaintiff's rights. Id. This Court, however, does not find that these paragraphs support the argument that Galindo acted with malice, as it does not show, nor imply that he acted with malice in making his statement to the police.

The plaintiff's third contention, which also relates to this Court's dismissal of the plaintiff's malicious prosecution claim against defendant Galindo, is that this Court erred in finding that the criminal proceeding against the plaintiff was not terminated on the merits in the plaintiff's favor. Specifically, the plaintiff argues that this Court erred in finding that Judge Spofford's decision dismissing the information against the plaintiff that resulted from defendant Galindo's statement was not a "termination in the plaintiff's favor," so as to allow the plaintiff to bring an action for malicious prosecution. The plaintiff argues that this Court overlooked and misinterpreted case law on this point.

13

Defendant Galindo responds by stating that this Court correctly held that the criminal proceeding was not terminated on the merits in plaintiff's favor.  The defendant states that as a matter of law, dismissal of an information on procedural grounds is insufficient to meet the second element of the malicious prosecution claim.

While one element of a malicious prosecution claim that the plaintiff must prove is actual malice, another element is that there was a termination of the prior proceedings in the plaintiff's favor.  Manganiello, 612 F.3d at 161.  This Court agrees with the defendant and does not find any clear error in its prior holding, nor does this Court find that it overlooked any controlling cases or factual matters that would alter its decision.  As the Court stated in its original opinion, "[i]n MacFawn v. Kresler, 666 N.E.2d 1359 (N.Y. 1996), the Court of Appeals of New York held that dismissal without prejudice of the information for insufficiency under CPL §§ 170.30(1)(a) and 170.35(1)(a) could not serve as the basis for a malicious prosecution claim."  ECF No. 50 *20.  In this case, the information was also dismissed pursuant to CPL § 170.30(1)(a).  Therefore, based on controlling precedent, this Court found that this dismissal could also not serve as the basis for a malicious prosecution claim.  Id.

The plaintiff indicates that Smith-Hunter v. Harvey, 734 N.E.2d 750 (N.Y. 2000), stands for the proposition that any

14

termination of a criminal prosecution qualifies as a favorable termination, so long as the circumstances surrounding it are not inconsistent with innocence.  This Court does not find this to be true.  The court in Smith-Hunter, did not overrule its finding is MacFawn, but merely distinguished it.  The dismissal in Smith-Hunter was a final judgment that "cannot be revived by re-filing the accusatory instrument" while the Court indicated that the dismissal in MacFawn, which was partially pursuant to CPL § 170.30(1)(a), was without prejudice and was, therefore, not a final termination of the action.  734 N.E.2d at 197-98.  Therefore, as stated above, this Court does not find that any controlling case law was overlooked in making its decision regarding whether a favorable termination existed.

The plaintiff's final contention as to how this Court erred in its holding as to defendant Galindo's motion to dismiss is that it erred in finding that defendant Galindo did not confine the plaintiff because it was the police who made the decision to make the arrest.  The plaintiff claims that the "'break in the chain of custody' relied upon by the Court is illusory" and defendant Galindo cannot hide behind the decision of the police when it was defendant Galindo who gave a false statement to the police.  ECF No. 60 *42 (citing Bertuglia v. City of New York, 839 F. Supp. 2d 703 (S.D.N.Y. 2012)).  Defendant Galindo argues in opposition that he cannot be liable on the false arrest claim even if the

information he did provide the police with was false as that does not make him a state actor and liable under § 1983.  <u>Chodkowski v. City of New York</u>, No. 06 CV 7120, 2007 WL 2717872, at *9 (S.D.N.Y. Sept. 11, 2007) (citations omitted).

This Court finds there to be no clear error in its original finding to justify reconsideration of its prior ruling under Rule 54(b), nor does it find that it overlooked any controlling decisions or factual matters to justify reconsideration under Local Rule 6.3.  As stated, in this Court's original opinion, even if defendant Galindo was subject to suit under § 1983, which, as indicated above, this Court determined he was not, the plaintiff's claim for false arrest against him would still fail.

In order to state a claim under § 1983 for false arrest, which requires the use of New York law in this situation, the plaintiff must show that there was an intentional confinement on the part of the defendant.  Merely giving information to legal authorities, who are left entirely free to use their own judgment in effecting an arrest, does not constitute intentional confinement.  <u>Mitchell v. Home</u>, 377 F. Supp. 2d 361, 376 (S.D. N.Y. 2005).  The complaint only alleges "that Galindo gave a statement to the police on March 27, 2007 under circumstances where he did not have the benefit of an interpreter, where he did not fill out the complaint form completely, and where the police then used their own independent judgment and discretion to determine whether to arrest the

16

plaintiff." ECF No. 50 *23 (citing Compl. ¶¶ 34, 36, 39, 40, 42, 43). Such allegations are not enough to show that defendant Galindo "invoked the power of the state intentionally to cause the plaintiff's arrest." Bertuglia, 839 F. Supp. 2d at 722.

2. Motion to Dismiss by Putnam County District Attorney's Office, Wright, and Noah

The plaintiff next takes issue with Court's findings concerning the PCDA defendants' motion to dismiss. First, the plaintiff alleges that because the complaint sufficiently alleges the absence of probable cause, there are factual issues that need to be resolved before any determination can be made as to whether defendants Noah or Wright are entitled to absolute immunity for their investigatory acts. The plaintiff argues that the complaint alleges facts about defendant Noah ignoring exculpatory information concerning the plaintiff prior to arrest and after receiving that information, defendant Noah still directed the police to effect the arrest of the plaintiff. Therefore, the plaintiff argues that this Court should have found that defendant Noah was acting in a purely investigatory manner, for which he is not entitled to absolute immunity because probable cause did not exist at that time. The plaintiff also argues that the police officers' familiarity with Galindo and his connection to defendant Dunn should have engendered skepticism about his motive and reliability. This, along with the plaintiff's contention that the criminal complaint lacked essential

17

allegations necessary for the crime charged, the plaintiff argues, puts the issue of probable cause into question.

The PCDA defendants argue that first, absolute immunity is not just predicated upon there being probable cause.  Instead, it is based "upon the well-established principle that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from the civil suit for damages under § 1983.'"  ECF No. 69 *17 (quoting Schmeuli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005)). Even so, the PCDA defendants argue that probable cause did exist at the time of arrest, and did exist as soon as defendant Galindo filed his complaint against the plaintiff.

As this Court stated in its original opinion:

> The Second Circuit has held that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process, but absolute immunity will not protect acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings. Hill, 45 F.3d at 661.

> In attempting to draw a line between a prosecutor's advocacy and investigating roles, the Second Circuit has held that a prosecutor's conduct prior to the establishment of probable cause should be considered investigative. Id. ("Before any formal legal proceeding has begun and before there is probable cause to arrest, it follows that a prosecutor receives only qualified immunity for his acts.").

ECF No. 50 *26-27.  This Court agrees with the PCDA defendants insomuch as they argue that probable cause did exist at the time of defendant Noah's and Wright's actions that the plaintiff complains

of.  As explained in the original opinion, such actions were taken by defendants Noah and Wright in their advocacy roles, after probable cause existed, rather than in their investigatory roles.[3] See id. at *25-30.  The plaintiff does not point to any new evidence or intervening law that would alter this Court's original finding, nor does it find any clear error in its original finding. Therefore, it denies the plaintiff's motion under Rule 54(b).  As to the factual allegations that the plaintiff argues this Court overlooked in finding probable cause, this Court previously addressed those same allegations in its original opinion.  Rather than repeat its original discussion of those allegations, this Court directs the parties to its original opinion, ECF No. 50 *25-30.  As a result, this Court finds that it did not overlook these factual matters and denies the plaintiff's motion under Local Rule 6.3.

The plaintiff also takes issue with this Court's finding that the complaint did not allege sufficient facts to support a claim that defendants Noah and Wright were participants in the alleged conspiracy.  The plaintiff specifically argues that this Court overlooked that evidence of conspiracy is rarely direct, and that inference that can be drawn from the plaintiff's allegations are

---

[3]The probable cause issue is further discussed below in relation to the police officers in Section III.A.3.  Further, an extensive discussion may be found in this Court's original opinion. See ECF No. 50 *36-39.

sufficient at this stage of litigation. Further, the plaintiff states that this Court specifically overlooked the allegation that defendant Dunn called the plaintiff's attorney to inform him of the arrest prior to it occurring. This, the plaintiff believes, raises an issue of fact as to whether the arrest and prosecution was pursuant to a conspiracy with defendant Dunn.

In response, the PCDA defendants argue that there are absolutely no factual allegations supporting any inference that either defendant Noah or Wright agreed with anyone to inflict any type of injury upon plaintiff. The PCDA defendants state that Dunn's alleged call to the plaintiff's former attorney before his arrest to inform him of such arrest has no bearing on defendant Noah's and Wright's involvement in a conspiracy with defendant Dunn.

As stated in this Court's original opinion:

[t]o prove a § 1983 conspiracy, a plaintiff must show:

(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.

ECF No. 50 *30-31 (quoting Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)). This Court agrees with the PCDA defendants in that the phone call from defendant Dunn does not support an inference that defendants Wright or Noah agreed with defendant Dunn or anyone to inflict any type of injury upon the plaintiff. As to

the other factual allegations that the plaintiff claims this Court overlooks, this Court also finds that those allegations do not support such an inference either.  There was no clear error in the Court's original finding on this matter, nor did this Court overlook any factual matters or controlling decisions that would alter the conclusion of this Court.  Therefore, this Court denies the plaintiff's pending motion under Rule 54(b) and Local Rule 6.3 as to its finding that defendant Wright and Noah were not involved in a conspiracy with defendant Dunn.[4]

3.   <u>Motion to Dismiss by Town of Carmel, Town of Carmel Police Department, Town of Carmel Police Officers Fox, Doe, Bagnarol, Karst, Harney, Cazzari, and Johnson</u>

The plaintiff next argues that this Court erred in granting the Town of Carmel defendants' motion to dismiss as to the police officers.  Specifically, the plaintiff contends that this Court erred in deciding that the police officers were entitled to qualified immunity at the motion to dismiss stage of this litigation.  In support of this contention, the plaintiff argues that it was unreasonable for the police officers to rely on

---

[4]As to plaintiff's argument concerning Wright and a possible claim for negligent supervision, the plaintiff stated that this Court "correctly point[ed] out that plaintiff did not allege negligent supervision."   ECF No. 60 *24-25.   Therefore, the plaintiff stated that he was seeking leaving to amend his complaint to add such allegations.  This Court, however, need not address such argument for negligent supervision because as indicated below, this Court does not grant the plaintiff such leave.

defendant Galindo's statement in arresting the plaintiff due to the
officers' familiarity with defendant Galindo and his connection to
defendant Dunn.  The plaintiff cites what he believes is supporting
case law for this proposition.  Further, the plaintiff argues that
defendant Galindo's statement lacked allegations necessary to form
the foundation for a reasonable belief that the plaintiff had
committed a crime.

In response to this contention, the Town of Carmel defendants
first state that the plaintiff's pending motion "does not speak to
the four corners of the complaint, recites double and triple
hearsay, and references copious facts and inferences and material
not part of the [c]omplaint."  ECF No. 71 *6.  Further, they
respond by arguing that the officers' familiarity with defendant
Galindo and his connection to defendant Dunn is irrelevant and
further, the criminal complaint contained the essential
allegations.  The defendants then cite this Court's original
opinion and state that the Court did not err in deciding that the
police officers were entitled to qualified immunity.

As explained by this Court in its original opinion:

> Qualified immunity will shield an officer from civil
> liability under § 1983 if either: (1) his conduct did not
> violate clearly established rights of which a reasonable
> person would have known; or (2) it was objectively
> reasonable for him to believe that his acts did not
> violate these clearly established rights.

ECF No. 50 *36-37. (citing <u>Amore v. Novarro</u>, 624 F.3d 522, 530 (2d
Cir. 2010); <u>see also</u> <u>Taravella v. Town of Wolcott</u>, 599 F.3d 129,

22

134 (2d Cir. 2010) ("Even where the law is 'clearly established' and the scope of an official's permissible conduct is 'clearly defined,' the qualified immunity defense also protects an official if it was 'objectively reasonable' for him at the time of the challenged action to believe his acts were lawful.")).  Further, "[q]ualified immunity is generally extended to an officer for an arrest made pursuant to a statute that is 'on the books,' so long as the arrest was based on probable cause that the statute was violated."  ECF No. 50 *37 (citing Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 105 (2d Cir. 2003) ("Officials charged with enforcing a statute on the books . . . are generally entitled to rely on the presumption that all relevant legal and constitutional issues have been considered and that the statute is valid."); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.")).

Rather than repeating this Court's earlier findings, this Court directs the parties to pages 37-39 of this court's original opinion, wherein it found probable cause existed for the police officers' finding that the statute involved was violated based on Galindo's statement and, as a result, the officer were entitled to qualified immunity for their actions. See ECF No. 50 *37-39. This Court did consider in its original opinion, whether based on

23

Galindo's statement, the police officers could interpret defendant Galindo's complaint to make out the crime of witness tampering. Id. at *38-39.  This Court does not find that it overlooked any factual matters that would alter this finding.  The plaintiff's arguments regarding the criminal complaint lacking essential elements, and thus, not providing probable cause for the arrest because defendant Galindo did not specifically state that he was a witness in a judicial proceeding involving the plaintiff are unavailing, as the statement provided sufficient indications that defendant Galindo was to be a witness, and was being threatened regarding such testimony.

Further, the case law that the plaintiff cites in support of the argument that the police officers' familiarity with defendant Galindo and his connection to defendant Dunn should have engendered skepticism and thus, his statement should not have provided adequate probable cause for the plaintiff's arrest, is distinguishable from the situation that occurred in this case. Specifically, the plaintiff discusses Radvansky v. Olmsted Falls, 395 F.3d 291 (6th Cir. 2005), which dealt with a landlord/tenant situation.  As stated in that opinion, "[s]everal courts, including [the Sixth Circuit], have noted the unreasonableness of police action predicated solely on a landlord's allegations against a tenant."  395 F.3d at 304.  There is no landlord/tenant relationship involved in this case, nor is similar relationship

alleged.   The only allegations involving the relationship between the parties are that the police officers knew defendant Galindo and knew his relationship to defendant Dunn.   Such knowledge and attenuated relationship does not equate to that of a relationship between a landlord and tenant.   Also, this Court notes that it did not overlook the decision of Bullard v. City of New York, 240 F. Supp. 2d 292 (S.D.N.Y. 2003).   Again, the indicia of unreliability involved in that case does not equate to that alleged in the situation this Court is presented with.

Because this Court finds that it did not overlook any controlling law or factual allegations that would alter its findings, the plaintiff's motion for reconsideration under Local Rule 6.3 is denied as the Town of Carmel defendants' motion to dismiss.   Further, this Court does not find any clear error in its original opinion concerning this motion, nor does it find any other reason to constitute reconsideration of its original opinion as to this motion under Rule 54(b).

Also, regarding the Town of Carmel defendants' motion to dismiss, the plaintiff also argued that this Court erred in dismissing the claims against the defendant John Doe, who is alleged to be a police officer for the Town of Carmel. Specifically, the plaintiff stated that this Court erred in dismissing the claims against defendant Doe as insufficient due to the plaintiff not showing good cause for his failure to identify

and serve the defendant.  The plaintiff states that he has sent numerous Freedom of Information Law ("FOIL") requests to the Town of Carmel Police Department seeking all documents pertaining to the plaintiff's request, yet the department still has not revealed the name of police officer whom the plaintiff is referring to in the complaint.  Due to such requests, the plaintiff argues he did have good cause for not identifying defendant Doe.  Therefore, because the plaintiff seeks to reinstate his claims against all other police officer defendants through his pending motion, he requests that defendant Doe also be reinstated.  As this Court is not reinstating the claims against the other defendant officers as stated above, it need not address the issue of whether the Court should alter its findings regarding whether the plaintiff had good cause for not identifying and serving defendant Doe, as he is subject to the same qualified immunity as the other police officers.

B.  <u>Motion to Amend</u>

In addition to asking this Court to grant his motion for reconsideration, the plaintiff also requests that this Court allow him leave to amend his complaint.  In plaintiff's memorandum in support of his pending motion, the only argument he provides as to why the motion to amend should be granted is that "[t]here is no reason to deny leave to amend."  ECF No. 60 *47.  In this memorandum, the plaintiff lists certain proposed allegations that

26

he wishes to include in his amended complaint, however, the plaintiff did not attach an actual proposed amended complaint for this Court's or the defendants' review.  The plaintiff did not provide such proposed amended complaint until he filed his reply memorandum.

The defendants responded to the plaintiff's request to amend his complaint with various arguments.  The Town of Carmel defendants argued that none of the additional proposed allegations offered in the plaintiff's memorandum in support of the motion will have any relevance in causing this Court to alter its original opinion as such allegations are irrelevant, immaterial, and or no consequence to establishing any of the plaintiff's claims.  As to any additional claims against Putnam County, they argue such claims are time barred.  The PCDA defendants, as well as defendant Galindo, take issue with the plaintiff's failure to attach a proposed amended complaint to the pending motion, and further agree that any amendments based on the proposed allegations offered in the plaintiff's memorandum of his pending motion would be futile. The defendants did not file any surreplies following the plaintiff's attachment of his complaint to the reply memorandum.

As this Court noted above, a party may amend its complaint once as a matter of course within 21 days after being served with a motion under Rule 12(b).  Fed. R. Civ. P. 15(a)(1).  Otherwise, to amend the complaint, the party must obtain the opposing party's

written consent or obtain leave from the court.  Fed. R. Civ. P.
15(a)(2).  The court should grant leave absent some reason "such as
undue delay, bad faith, or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by virtue
of allowance of the amendment or futility of the amendment."
Foman, 371 U.S. at 182; see McCarthy, 482 F.3d at 200.

     Generally, mere delay, without a showing of bad faith or
prejudice on the part of the plaintiff, does not constitute a basis
for denying a motion to amend the complaint.  State Teachers
Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).
However, after "'a considerable period of time has passed between
the filing of the complaint and the motion to amend, courts have
placed the burden upon the movant to show some valid reason for his
neglect and delay.'"  Sanders v. Thrall Car Mfg. Co., 582 F. Supp.
945, 952 (S.D.N.Y. 1983) (quoting Hayes v. New England Millwork
Distributors, Inc., 602 F.2d 15, 19-20 (1st Cir. 1979) (internal
quotations omitted); see State Farm Mut. Auto Ins. Co. v. CPT
Medical Services, P.C., 246 F.R.D. 143, 147 (E.D.N.Y. 2007).

     This Court does not find that the plaintiff has proffered a
valid reason for his delay and neglect in filing his motion to
amend.  The plaintiff filed his original complaint on July 7, 2009.
Thereafter the defendants filed motions to dismiss, which were
fully briefed by January 2010.  After delay resulting from this

case being transferred to the undersigned judge almost a year after the motions were filed, this Court ruled on the motions in February 2012.  Subsequently, after this Court granted the plaintiff two separate extensions, the plaintiff filed this pending motion seeking reconsideration and leave to amend his complaint in April 2012.  As mentioned above, the plaintiff did not attach his amended complaint to his memorandum supporting this motion, but merely included a bullet-pointed list of proposed allegations that he would like to include.  It was not until the plaintiff filed his reply memorandum in support of the pending motion that he attached the proposed amended complaint.  The Court notes that, after multiple requests for extensions, the plaintiff's reply memorandum was not filed until August 2012 -- roughly three years after the plaintiff filed his initial complaint.

The plaintiff did not provide any reason for the three-year delay in seeking leave to amend.  Instead, the plaintiff states that if this Court denies the motion for reconsideration, he then seeks leave to amend the complaint to add factual allegations that support current and additional claims.  The plaintiff does state that he believes "[t]here is no reason to deny leave to amend: no bad faith, undue delay, or prejudice to the defendants."  ECF No. 60 *47.  Such an statement does not satisfy the plaintiff's burden of explaining to this Court why there was such a delay.

In plaintiff's reply memorandum in support of his pending motion, the plaintiff asserts that he is "timely" seeking leave of this Court, yet still does not provide an explanation of the reason for his delay.  The only possible explanation that this Court can glean from the reply memorandum concerning the amendments pertaining to the plaintiff's conspiracy claim is that new evidence was obtained during the past three years that provides additional support for the plaintiff's conspiracy claim.  See ECF No. 60 *42-43.  The plaintiff, however, does not provide any dates as to when such evidence was received, but only states that it was received in response to FOIL requests.  This Court cannot determine when such evidence was received so as to determine if the motion was made in a timely manner thereafter.  Therefore, this explanation does not meet the plaintiff's burden of explaining to this Court why there was a three-year delay in seeking leave to amend his complaint.

As to plaintiff adding an additional party and claims regarding that party, the plaintiff states in his reply memorandum that he wanted to move to amend his complaint as early as August 2010 to include Putnam County, but his counsel advised against this.  The plaintiff seems to indicate that his counsel wished to wait until after a ruling was made on the motions to dismiss.  He states that the judge previously assigned to this case had assured a quick decision.  See ECF No. 45.  This Court does not find that the plaintiff's belief that a quick decision would be made

regarding the motions to dismiss satisfies the plaintiff's burden in explaining the reason for the delay.  If the plaintiff wished to add Putnam County in August 2010, the plaintiff should have filed his motion to amend at that time, rather than waiting for two additional years to do so.

This Court, however, need not base the denial of plaintiff's motion to amend solely on the fact that he did not meet his burden to explain the delay because, as indicated by defendant Galindo and the PCDA defendants, not attaching the amended complaint to the motion to amend prejudiced the defendants.  "To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading."  Gulley v. Dzurenda, 264 F.R.D. 34, 36 (D. Conn. 2010) (citing 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.17[1] (3d ed. 2004)); defendants may be prejudiced by the plaintiff failing to attach the proposed amended complaint to the motion to amend.  American Tissue, Inc. v. Donaldson, Lufkin & Janrette Securities Corp., 233 F.R.D. 327, 329 (S.D.N.Y. 2005).  In American Tissue, the plaintiff failed to attach the amended complaint to its motion to amend, but the plaintiff later attached it to the reply brief.  Id.  The court found that the defendant was prejudiced by such action because it "no longer had a proper opportunity to address the complaint."  Id.  As in American Tissue, the plaintiff here failed to attach the amended complaint until he filed his reply memorandum.  Such an

error resulted in the defendants not having an adequate opportunity to fully address the amendments, therefore, prejudicing the defendants. While such prejudice is not overwhelming, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms a showing of prejudice." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993) (quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)). Thus, based on this prejudice and the lack of an explanation for the lengthy delay in filing for leave to amend, this Court denies plaintiff's request for leave to amend his complaint.

## IV.   Conclusion

For the reasons stated above, the plaintiff's motion for reargument, relief from judgment or, in the alternative, leave to amend the complaint (ECF No. 61) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   April 16, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

32