IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

JAMES P. McGEE,                           09 Civ. 6098 (FPS)

        Plaintiff,      **MEMORANDUM OPINION AND ORDER GRANTING THE**
v.                                        **PLAINTIFF'S MOTION FOR LEAVE TO FILE A**
                                     **SECOND AMENDED COMPLAINT AND DISMISSING**
                                     **THE FIRST AMENDED COMPLAINT AS MOOT**

JAMES DUNN, TOWN OF CARMEL,
TOWN OF CARMEL POLICE
DEPARTMENT, CHRISTOPHER FOX,
individually and in his official capacity,
ROBERT BAGNAROL, individually and in
his official capacity, BRIAN KARST,
individually and in his official capacity,
JOHN (JACK) HARNEY, individually and
in his official capacity, MICHAEL CAZZARI,
individually and in his official capacity,
CHIEF MICHAEL R. JOHNSON, individually
and in his official capacity.

        Defendants.[1]

----------------------------------------X

I. Procedural History

This action arises out of a longstanding dispute between the plaintiff, James P. McGee, and one of the fifteen named defendants, James Dunn. Because of the long procedural and factual history of this civil action, the summary provided discusses only the most

---

[1] In this memorandum opinion and order, the caption above is styled as provided in the first amended complaint. ECF No. 99. However, because the first amended complaint will be dismissed as moot for reasons described herein, all future filings of the parties must use the caption as styled in the second amended complaint.

relevant information.[2] The plaintiff originally filed a complaint in the United States District Court for the Southern District of New York seeking to redress violations of his constitutional rights arising from a false arrest for alleged witness tampering in the fourth degree. In his complaint, the plaintiff asserted claims against the following defendants: Ector Perez Galindo ("Galindo"); the Putnam County District Attorney's Office, Kevin Wright, and Robert Noah (collectively the "PCDA defendants"); the Town of Carmel and the Carmel Police Department; the Carmel Police Officers Christopher Fox, John Doe, Detective Robert Bagnarol, Lieutenant Brian Karst, Sergeant John Harney, Lieutenant Michael Cazzari, and Chief Michael R. Johnson (collectively "the officer defendants"); and James Dunn ("Dunn") and J. Dunn Construction Corp. ("Dunn Construction"). The plaintiff alleges in his complaint that the defendants conspired to bring about his arrest and prosecution based on false and misleading evidence and to engage in a malicious abuse of process. The plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging due process violations that resulted from the defendants' conspiracy. According to the plaintiff, he is entitled to compensatory damages, punitive damages, and attorney's fees for the mental and emotional pain and suffering he has experienced as a result of the defendants' alleged conspiracy.

---

[2]For a more complete factual and procedural summary, see this Court's prior memorandum opinions and orders. See, e.g., ECF Nos. 80 and 83.

According to the plaintiff, Dunn used his influence with the Carmel Police Department and the District Attorney's Office to have the plaintiff arrested. Dunn allegedly did that to gain an advantage in civil litigation between Dunn and the plaintiff, arising from a contract dispute concerning home improvement work that Dunn performed at McGee's residence. The plaintiff alleges that the defendants were involved in a conspiracy to "do favors" for friends, including Dunn, and that this conspiracy led to the false arrest and malicious prosecution of the plaintiff.

Later, the following defendants filed motions to dismiss: (1) Galindo; (2) PCDA defendants; (3) the Town of Carmel and the Carmel Police Department; (4) the officer defendants; (5) Dunn Construction; and (6) Dunn. Because Dunn filed for bankruptcy at that time, the claims against him were stayed until the bankruptcy court lifted the automatic stay, pursuant to 11 U.S.C. § 362. This Court entered a memorandum opinion and order granting the above-listed defendants' motions to dismiss, with the exception of Dunn. ECF No. 50. Specifically, this Court dismissed the claims against Galindo because the plaintiff failed to sufficiently plead that Galindo conspired with the state actors as required under a § 1983 claim. Regarding the officer defendants, the Town of Carmel and the Carmel Police Department, this Court dismissed the claims against them due to qualified immunity. Finally, concerning Dunn Construction, this granted its motion to dismiss. Therefore,

following that memorandum opinion and order, only the claim against Dunn remained. However, the action against him was stayed until the bankruptcy court lifted the automatic stay.

Following that memorandum opinion and order, the plaintiff appealed that ruling (ECF No. 50) to the United States Court of Appeals for the Second Circuit ("Court of Appeals"). However, a stay of appeal was entered by the Court of Appeals because the plaintiff then file a motion to reconsider and motion to amend the complaint. This Court denied the plaintiff's motion to reconsider and motion to filed an amended complaint in a subsequent memorandum opinion and order. ECF No. 80. After that opinion, Dunn notified this Court that the stay had been lifted on the action against him. This Court then entered a memorandum opinion and order granting Dunn's prior motion to dismiss. ECF No. 83.

On September 15, 2014, the Court of Appeals issued its mandate, which affirmed in part and vacated in part this Court's rulings on several matters. ECF No. 93. The Court of Appeals affirmed this Court's rulings regarding: (1) dismissal of claims against Galindo; (2) dismissal of claims against the PCDA defendants; and (3) dismissal of the malicious prosecution claim. Further, the Court of Appeals found the claim against Dunn Construction was abandoned due to insufficient allegations, which this Court previously determined.

However, the Court of Appeals disagreed with three rulings by this Court, and accordingly vacated them. First, regarding the claims against Dunn, the Court found that the plaintiff sufficiently stated a claim against Dunn for a § 1983 conspiracy, contrary to this Court's findings. Although they disagreed with this Court regarding the § 1983 conspiracy claim, they did affirm this Court's finding that the underlying malicious prosecution claim is barred against Dunn.

Second, the Court of Appeals disagreed with the dismissal of the claims against the officer defendants. This Court found in its opinion that the officer defendants arguably had probable cause to arrest the plaintiff and thus their actions were subject to qualified immunity. ECF No. 50. However, the Court of Appeals disagreed, finding instead that this Court erred in determining that those defendants were entitled to qualified immunity. Accordingly, the Court of Appeals vacated the dismissal of those claims against the officer defendants.

Finally, the Court of Appeals disagreed with this Court's denial of the plaintiff's initial motion to amend the complaint. Specifically, the Court of Appeals found that because this action remained in its early stages and that circumstances outside of the plaintiff's control contributed to his delay in filing a motion to amend, the plaintiff should have been afforded an opportunity to amend the complaint. However, the Court of Appeals did place a

limit on the extent of any amended complaint. In particular, the Court of Appeals stated that, after viewing the proposed amendment, the plaintiff was not permitted to reinstate any claims against any party whose dismissal from the action the Court of Appeals affirmed. Also, the Court of Appeals stated that the complaint cannot be amended to add Putnam County as a party because the complaint fails to sufficiently state that the municipality via policy or custom violated any of the plaintiff's rights. Following the mandate of the Court of Appeals, this Court conducted a status and scheduling conference. ECF No. 97. Further, this Court entered an order directing the plaintiff to file his amended complaint by November 10, 2014. ECF No. 98.

At issue in this memorandum opinion and order is the plaintiff's motion to amend/correct that amended complaint. On November 10, 2014, the plaintiff filed his amended complaint, pursuant to this Court's order. ECF No. 99. Further, then-counsel for the plaintiff, Lauren Klein, wrote a letter to the Court indicating that she would be substituted as counsel and that she was filing the amended complaint to avoid any prejudice to her client, who she still represented at that time. ECF No. 100. One week later, the plaintiff filed a notice of substitution of counsel. ECF No. 106.

The plaintiff has now filed a motion to amend/correct the amended complaint. ECF No. 111.  In it, new counsel for the

plaintiff claims that he reviewed the transcript of the status and scheduling conference that this Court conducted.  As a result, he claims to have revised the complaint so as to better comply with the mandate of the Court of Appeals, as well as considerably reduced its length. Thus, in order to reconcile the deficiencies in the complaint with that of the Court of Appeals's mandate, the plaintiff requests that this Court grant him leave to file a second amended complaint.[3]  In response, Dunn filed a memorandum in opposition to the plaintiff's motion. ECF No. 119. The defendant Dunn claims that the plaintiff's proposed second amended complaint contains new allegations that contradict prior ones  and overall demonstrates the plaintiff's bad faith motives. Because of that, the defendant Dunn requests that this Court deny the plaintiff's motion. With the exception of Dunn, none of the remaining defendants filed a response.

The plaintiff then filed a reply, arguing that Dunn's arguments asserting bad faith lack any merit. Specifically, the plaintiff points to Kant v. Columbia University, No. 08CV7476, 2010 WL 807442 (S.D.N.Y. Mar. 9, 2010), alleging that he did not allege new facts or allegations "so contradictory of his earlier pleadings as to indicate bad faith." ECF No. 120. Further, the plaintiff also

---

[3]The remaining defendants filed motions by letter, requesting that this Court postpone any answers to the previously filed amended complaint until this Court ruled on the plaintiff's motion at issue. This Court granted the defendants' requests. ECF Nos. 116 and 117.

claims that to the extent that the previously dismissed defendants are referenced in the second amended complaint, such references are necessary to establish context and a logical summary of the facts. For those reasons, the plaintiff seeks to file a second amended complaint.

### III.   Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2007); In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005); Ward Elec. Serv. v. First Commercial Bank, 819

F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## IV.  Discussion

In his motion, the plaintiff argues that this Court should grant him the opportunity to file a second amended complaint. In support of this request, the plaintiff claims that the proposed complaint better complies with the requirements and limitations that the Court of Appeals provided in both its opinion and mandate. Further, the plaintiff also notes that his current counsel was substituted after his prior counsel already submitted the first amended complaint. ECF No. 106. Based on the circumstances, as well as the lack of dilatory or bad faith motives on the part of the plaintiff, he requests that this Court grant his motion to file a second amended complaint.

This Court agrees that the plaintiff should be permitted to file a second amended complaint as proposed. As indicated earlier, "[d]istrict courts 'ha[ve] broad discretion to decide whether to grant leave to amend.'" Kant, 2010 WL 807442, at *4 (quoting In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005)). Although leave to amend the complaint should be liberally granted, situations exist where such an opportunity should be denied. Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2007). Those situations include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

9

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). After comparing the current amended complaint and the plaintiff's proposed second amended complaint, the plaintiff simply shortened the length of the complaint and re-framed the allegations so as to comply with the mandate of the Court of Appeals. Further, the recently substituted counsel did not have an opportunity to file an amended complaint. Rather, the plaintiff's previous counsel still represented the plaintiff when the deadline to file the initial amended complaint arose.  Pursuant to the discretion that this Court possesses, the plaintiff should be afforded an opportunity to file a second amended complaint.

As mentioned earlier, however, only Dunn filed a response in opposition. ECF No. 119. In his response, Dunn first claims that the plaintiff's motion should be denied because the plaintiff is allegedly acting in bad faith. Second, Dunn asserts that the plaintiff references certain defendants in the complaint, despite the fact that the claims against them were dismissed.  Regarding his bad faith argument, Dunn cites to Kant, stating that "leave to amend should be denied when a proposed amended complaint presents new facts and allegations so contradictory to his earlier pleadings as to indicate bad faith." ECF No. 119. If the facts of this civil action mirrored the circumstances in Kant, perhaps Dunn's argument

10

would be persuasive. The situation in this civil action, however, does not.

In Kant, a pro se[4] plaintiff attempted to file a second amended complaint. That civil action involved a professor who alleged his supervisors promised him a term position if he completed certain requirements. Kant, 2010 WL 807442, at *8. However, the plaintiff in that case alleged in his first amended complaint that he received an orally made employment contract where performance would span two years. Id. Then, in his motion to file a second amended complaint, he restated the facts, providing that the same employment contract's performance would only span one year. Id. The court in that case determined that the plaintiff changed his allegations so as to comply with the statute of frauds. Id. at 6-7.  That, among many other stark changes in the facts and allegations within the complaint, demonstrated to that Court the plaintiff's bad faith. Id.  As the court provided in its opinion, "[c]ourts are free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed." Id. at *7.  Accordingly, the court in that case denied the plaintiff's request for leave to file

---

[4]Pro se describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

a second amended complaint, finding that the plaintiff acted in bad faith.

In this civil action, no such situation exists. Unlike the situation in Kant, the plaintiff's actions here do not demonstrate any indications of bad faith. Rather, the plaintiff's proposed second amended complaint attempts to better comply with the mandate of the Court of Appeals. Further, the plaintiff does not appear to circumvent any defenses asserted or prohibitory legal doctrines, which the plaintiff in Kant attempted to do. It should also be noted that Dunn also asserts that the plaintiff references individuals in the proposed second amended complaint, such as Galindo and Noah, despite the claims against them being dismissed. Although this Court dismissed those claims against such defendants, the plaintiff does not re-assert new or prior claims against them. Rather, the plaintiff simply references those defendants in order to provide context and a logical summary of the facts within the complaint. Without those references, the complaint makes less sense. Therefore, for the reasons provided above, the plaintiff's motion should be granted. Accordingly, the plaintiff's first amended complaint (ECF No. 99) is dismissed as moot.

## V.  Conclusion

For the reasons above, the plaintiff's motion for leave to file a second amended complaint (ECF No. 111) is GRANTED. Further, the plaintiff's first amended complaint is DISMISSED AS MOOT. All

deadlines provided in this Court's most recent scheduling order (ECF No. 103)shall remain in effect.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Furthermore, the Clerk is DIRECTED to file the second amended complaint.

DATED:    December 30, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE